UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESSICA C., *on behalf of J.A.F.O*,

        Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                                   20-CV-1868S

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

        1.        Plaintiff Jessica C.[1] challenges an Administrative Law Judge's ("ALJ") determination that her minor child, J.A.F.O., is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that J.A.F.O. has been disabled since January 1, 2016, due to aggressiveness, oppositional defiant disorder, attention deficit hyperactivity disorder ("ADHD"), mental health, and emotional disturbance, and is therefore entitled to payment of Supplemental Security Income ("SSI") under the Act.

        2.        Plaintiff applied for SSI benefits on J.A.F.O.'s behalf on June 2, 2018. After denial at the agency level, Plaintiff proceeded to a video hearing before ALJ Michael Comisky on January 10, 2020. The ALJ considered the case *de novo* and, on February 5, 2020, issued a written decision denying Plaintiff's application. The Appeals Council thereafter denied Plaintiff's request for review on October 22, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

3. Plaintiff timely filed the current civil action on J.A.F.O.'s behalf on December 17, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on December 7, 2021. (Docket Nos. 13, 14, 19, 20.) The Clerk of Court assigned the case here on October 14, 2021. (Docket No. 17.) For the following reasons, Plaintiff's motion will be granted, Defendant's motion will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this decision.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the

---

[2] The ALJ's February 5, 2020 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere

3

scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.  See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.     "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805

4

F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity and Reconciliation Act of 1996 ("the 1996 Act"), which amended the statutory standard applicable to minors seeking SSI benefits.  See 42 U.S.C. § 1382c.  In relevant part, the 1996 Act provides that an "individual under the age of 18 shall be considered disabled . . . if [he or she] has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(C)(i).

10. Regulations promulgated by the Social Security Administration define "marked and severe functional limitations" in terms of "listing-level severity," i.e., an impairment that meets, medically equals, or functionally equals the severity of an impairment in the listings. 20 C.F.R. § 416.926a (a).  Under the regulations, functional limitations are evaluated in six broad areas or domains of functioning: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  See 20 C.F.R. § 416.926a (b)(1).

11.  The Commissioner has established a three-step sequential evaluation process to determine whether a minor is disabled under the Act.  See 20 C.F.R. § 416.924.  The minor must demonstrate that (1) he or she is not engaged in substantial gainful activity (i.e., he or she is not working); (2) he or she has a "severe" impairment or combination of impairments; and (3) his or her impairment or combination of impairments is of a listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment.  See id.  A minor's medically-determinable impairment or combination of impairments "functionally equals" a listed impairment if it results in "marked" limitations in two of the six domains of functioning or an "extreme" limitation in a single domain.  See 20 C.F.R. § 416.926a.  A limitation is "marked" if it *seriously* interferes with a claimant's ability to independently initiate, sustain, or complete activities.  See 20 C.F.R. § 416.926a (e)(2) (emphasis added).  A limitation is "extreme" if it *very seriously* interferes with those same abilities.  See 20 C.F.R. § 416.926a (e)(3) (emphasis added).

12.  Applying the sequential evaluation in the instant case, the ALJ made the following findings: (1) J.A.F.O. was a school-age child who had not engaged in substantial gainful activity since June 12, 2018, the application date (R. at 22[3]); (2) J.A.F.O.'s ADHD and trauma- and stressor-related disorders constituted severe impairments under the Act (R. at 22); and (3) J.A.F.O. did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of one of the listed impairments (R. at 22-30).  Based on the record, the ALJ ultimately determined that

---

[3] Citations to the underlying administrative record are designated as "R."

6

J.A.F.O. was not under a disability, as defined by the Act, from June 12, 2018, through February 5, 2020, the date of the decision. (R. at 30.)

13. Plaintiff challenges the ALJ's decision on three fronts. First, she argues that the ALJ erred by failing to consider J.A.F.O.'s functioning outside of a structured setting, as required by 20 C.F.R. § 416.924a (b)(5)(iv). Second, she argues that the ALJ erred by failing to consider a specific Listing at Step 3 and by failing to explain his Listing analysis. Third, Plaintiff maintains that the ALJ erred by failing to find that J.A.F.O. has marked to severe limitations in three of the domains. In response, the Commissioner contends that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed. Because this Court finds that remand is necessary for proper analysis at Step 3, it does not reach Plaintiff's other points of contention, which the ALJ and the parties are free to revisit on remand.

14. After finding that a claimant has not engaged in substantial gainful activity and has an impairment or combination of impairments that is severe, the ALJ is required at Step 3 to "review [the] claim further to see if [the claimant has] an impairment(s) that meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.924 (a). If he or she does, and the impairment(s) meets the duration requirement, the claimant will be found to be disabled. See id.; see also 20 C.F.R. § 416.924 (d)(1). For children, the ALJ is required to consider the Part B criteria of the Listings and may, in some cases, also consider Part A. See 20 C.F.R. § 416.925 (b).

15. To properly consider a listing, the ALJ must determine whether a claimant's limitation or combination of limitations meets a given listing's criteria. See 20 C.F.R. § 416.925 (c)(3) ("We will find that your impairment(s) meets the requirements of a listing

when it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement (see § 416.909).").  And "[w]hen evaluating whether a claimant's impairments meet or equal a Listing, the ALJ must refer to the specific criteria set forth in the Listing."  See Stover v. Comm'r of Soc. Sec., 1:04-CV-1467 (NAM/GHL), 2008 WL 483421, at *7 (N.D.N.Y. Sept. 16, 2008) (citing Morales v. Barnhart, 218 F. Supp. 2d 450, 459-60 (S.D.N.Y. 2002)).  In other words, the ALJ must identify a specific listing and then compare the claimant's limitations to that listing's criteria to determine whether the limitations meet or medically equal the listing.

16. Finally, as with all findings, the ALJ must adequately explain his or her Step 3 analysis to allow for further review.  See, generally, Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (finding that remand may be appropriate where the ALJ's analysis frustrates meaningful review); Pamela P. v. Saul, 3:19-CV-575 (DJS), 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020) (discussing ALJ's obligation to "provide rationale in the written decision sufficient to allow a reviewing court to conduct an adequate review of his findings."); Sewar v. Berryhill, 17-CV-6211L, 2018 WL 3569934, at *2 (W.D.N.Y. July 25, 2018) (finding that an ALJ must "explain the bases for his findings with sufficient specificity to permit meaningful review").

17. Here, the ALJ's Step 3 analysis is legally erroneous because he failed to properly consider whether J.A.F.O.'s limitations met or medically equaled a listing.  The totality of the ALJ's findings and analysis on this point is contained in a single sentence: "The undersigned has considered the Listing of Impairments but the medical evidence does not establish that the claimant's impairments, individually or in combination, meet or equal in severity the criteria of a listed impairment."  (R. at 22.)  The ALJ does not identify

8

which listing or listings he considered, nor does he analyze or explain how J.A.F.O.'s limitations compare to listing criteria. This is an abdication of the ALJ's obligation at Step 3. See 20 C.F.R. § 416.924 (a) (requiring ALJs to consider the Listings at Step 3); see also Stover, 2008 WL 4283421, at *7 (requiring the ALJ to consider a specific listing at Step 3); F.S. v. Astrue, No. 1:10-CV-444 (MAD), 2012 WL 514944, at *9 (N.D.N.Y. Feb. 15, 2012) ("The Commissioner's determination as to whether the claimant's impairment meets or equals the Listings must reflect a comparison of the symptoms, signs, and laboratory findings about the impairment . . . with the corresponding criteria shown for the listed impairment.") (citations omitted)).

18. The Commissioner concedes that the ALJ failed to specifically identify a considered listing, yet nonetheless attempts to salvage the decision by arguing that the ALJ actually considered *each* of the impairments included in the Listings. See Memorandum of Law, Docket No. 19-1, p. 18 ("Although the ALJ did not specifically mention Listing 112.11, he considered the *entire* Listing of Impairments . . . ."). Such an undertaking is difficult to fathom, but in any event, it remains that the ALJ failed to include any analysis whatsoever concerning whether J.A.F.O.'s limitations met or medically equaled a listed impairment. See Hendricks v. Comm'n of Soc. Sec., 452 F. Supp. 2d 194, 199 (W.D.N.Y. 2006) (finding that an ALJ must articulate his or her basis for finding that a claimant does not meet or medically equal a certain listing). Indeed, as Plaintiff argues, the ALJ should have at least considered J.A.F.O.'s ADHD against Listing 112.11, which pertains to Neurodevelopmental disorders. See 20 C.F.R. Pt. 404, Subpt. P., App. 1-B2, § 112.11; see also F.S., 2012 WL 514944, at *9 ("Where the claimant's symptoms, as described by the medical evidence, appear to match those described in the Listings,

the ALJ must provide an explanation as to why the claimant failed to meet or equal the Listings."); Barone o/b/o Z.B. v. Comm'r of Soc. Sec., 19-CV-1656G, 2020 WL 6579070, at *3 (W.D.N.Y. Nov. 10, 2020) (recognizing that "Listing 112.11 is the Listing for ADHD").

19. Because the ALJ failed to properly consider the Listings at Step 3, or at best failed to adequately explain his findings, remand is required for proper consideration of the Listings at Step 3.  See Barone, 2020 WL 6579070 (remanding for proper consideration of Listing 112.11 where the ALJ "conclusively stated that Plaintiff did not meet the entirety of the 112.11 Listing requirements, without reference to specific portions of the requirements or evidence of the record"); F.S., 2012 WL 514944, at *12 (remanding for proper consideration and explanation of Listing 112.11 for child with ADHD); Walker ex rel. J.B. v. Astrue, No. 1:06-CV-1180 (NAM), 2010 WL 2287566, at *5 (N.D.N.Y. June 3, 2010) (remanding where ALJ failed to address Listing 112.11 for ADHD and "failed to specify any particular Listing leaving the Court unable to determine which Listings he considered in relation to claimant's impairments").  Plaintiff's motion for judgment on the pleadings will therefore be granted, and Defendant's motion seeking the same relief will be denied.

20. Accordingly, after carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 19) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:     March 23, 2022
              Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge